UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
JACOB KLEIN on behalf of himself
and all others similarly situated

                Plaintiff,

-against-

NCO FINANCIAL SYSTEMS, INC.

                Defendant.
---------------------------------------------------------

**CV-10 2133**

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Jacob Klein seeks redress for the illegal practices of NCO Financial Systems, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to American Express.

4. Upon information and belief, defendant is a Pennsylvania corporation with a principal place of business is located in Horsham, Pennsylvania. It is an active foreign corporation in the State of New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

## *Allegations Particular to Jacob Klein*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. Defendant sent the plaintiff an initial collection letter seeking to collect a balance allegedly owed to American Express incurred for personal purposes dated April 3, 2010.

11. Said letter states in part as follows: "This is your opportunity to make arrangements to pay the current balance due before the account is forwarded to an attorney licensed in your jurisdiction who will review it to determine whether or not to execute the judgment American Express has obtained against you. If you have any intention of resolving this account, please contact us within 45 days from the date of this letter."

2

12. Said representations are false as the purported judgment was vacated by the court on December 2, 2009 (see documents attached hererto).

13. Therefore, there is no attorney within the jurisdiction of New York who can execute on the judgment.

14. The possible execution on the judgment is a false threat.

15. The matter is still being litigated.

16. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging in false threats and deceptive practices.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

17. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-16 as if set forth fully in this Cause of Action.

18. This cause of action is brought on behalf of plaintiff and the members of a class.

19. The Class consists of consumers who received the same form letter, as did the plaintiff.

20. The Class consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about April 3, 2010; (b) the collection letter was sent to a consumer seeking payment of a personal debt where there was no pending judgment; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

21. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

22. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members

of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25. The defendant's actions violate the Fair Debt Collection Practices Act.

26. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

### **AS AND FOR A SECOND CAUSE OF ACTION**

27. Plaintiff restates and realleges paragraphs 1 through 16 as if fully set forth herein.

28. The defendant sent the plaintiff the within collection letter where the plaintiff was and is represented by counsel concerning the within debt.

29. Plaintiff's suffered emotion distress damages over the fact that he was contacted where his attorney should have been contacted.

30. The defendant's actions violate the Fair Debt Collection Practices Act specifically 1692c(2)(a).

31. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 5, 2010

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

PO BOX 15760, DEPT 07
WILMINGTON DE 19850

# NCO FINANCIAL SYSTEMS INC

507 Prudential Road, Horsham, PA 19044

1-877-864-0370
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY

Apr 3, 2010

Calls to or from this company may be monitored or recorded for quality assurance.

IG3917
J KLEIN
4104 14TH AVE
KLEIN BROTHERS
BROOKLYN NY 11219-1499

CREDITOR: AMERICAN EXPRESS (US)
CREDITOR'S ACCOUNT #: 371388611771007
REGARDING: CID048340943017USD
CURRENT BALANCE DUE: $36659.74

This is your opportunity to make arrangements to pay the current balance due before the account is forwarded to an attorney licensed in your jurisdiction who will review it to determine whether or not to execute the judgment American Express has obtained against you. If you have any intention of resolving this account, please contact us within 45 days from the date of this letter.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CIG39170-73CZN2

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

---

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

THIS COLLECTION AGENCY IS LICENSED BY THE DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW YORK; LICENSE#0907469
CONTACT ALEX DREW AT NCO FINANCIAL SYSTEMS, INC.

| Our Account # | Current Balance Due |
|---|---|
| IG3917 | $ 36659.74 |

J KLEIN

Payment Amount

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 15773
WILMINGTON DE 19850-5773

NCOP K8
6

0107 00IG39174000000070000000000358055413

At an I.A.S, Trial Term, Part 4 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 2nd day of DECEMBER 09

P R E S E N T :
Hon. DAVID VAUGHAN
      Justice

---

AMERICAN EXPRESS TRAVELER RELATED SERVICES INC.     Plaintiff(s)

- against -

JACOB KLEIN

                                                    Defendant(s)

Cal. No. 66
Index No. 33571/08
Motion Seq. # 001

SO ORDERED STIPULATION

---

The following papers numbered 1 to       read on this motion        Papers Numbered
Notice of Motion - Order to Show Cause
and Affidavits (Affirmations) Annexed_____
Answering Affidavit (Affirmation)_____
Reply Affidavit (Affirmation)_____
_____Affidavit (Affirmation)_____
Pleadings - Exhibits_____
Stipulations - Minutes_____
Filed Papers_____

IT IS HEREBY ORDERED THAT DEFENDANT JACOB KLEIN'S MOTION TO VACATE IS RESOLVED AS FOLLOWS

1. DEFENDANT JACOB KLEIN WAIVES THE DEFENSE OF LACK OF PERSONAL JURISDICTION AND AGREES NOT TO ASSERT SAID DEFENSE IN HIS ANSWER.

2. THE JUDGEMENT ENTERED AGAINST THE DEFENDANT JACOB KLEIN ON MARCH 31, 2009 IN THE SUM OF $36,659.74 IS HEREBY VACATED.

3. ALL RESTRAINING NOTICES AND EXECUTIONS ISSUED BY PLAINTIFF'S COUNSEL PURSUANT TO SAID JUDGEMENT ARE HEREBY WITHDRAWN

4. DEFENDANT JACOB KLEIN SHALL SERVE AN ANSWER TO THE COMPLAINT AND DISCOVERY DEMANDS WITHIN TWENTY DAYS.

5. PLAINTIFF SHALL NOT MAKE ANY DISPOSITIVE MOTIONS PURSUANT TO CPLR 3212 UNTIL DISCOVERY HAS BEEN COMPLETED

ENTER

HON. DAVID S. VAUGHAN JSC

AGREED:
EJV-5-04
ATTORNEY FOR DEFENDANT

Atty for π
R. Brosse.



KINGS COUNTY CLERK
FILED
2009 DEC 11 AM 8:03

2008/33571 Order ...dated 12/2/09 to vacated (Page 2 of 41)

2008/33571 Order ...dated 12/2/09 to vacated (Page 3 of 41)

At ~~a Motion Term~~ Part 72 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse located at 360 Adams Street, Brooklyn, New York on the 24th day of November, 2009

PRESENT: Hon. __HON. ALLEN HURKIN-TORRES__
Justice

-----------------------------------X

AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC.,

          Plaintiff,

-against-

JACOB KLEIN

          Defendant.

-----------------------------------X

Index No. 33571/08

**ORDER TO SHOW CAUSE**

KINGS COUNTY CLERK
FEE PD $ 45.00

UPON the annexed affirmation of JACOB KLEIN affirmed to the 20th day of November, 2009, and all of the prior pleadings and proceedings heretofore had herein,

LET, the Plaintiff or its attorneys,

SHOW CAUSE, before this Court, the Supreme Court of the State of New York, County of Kings, at the Courthouse located at 360 Adams Street, Brooklyn, New York, at an IAS Term Part 4 thereof, Room 738, before the assigned Justice, on the 2nd day of December, 2009 at 9:30 A.M. in the forenoon of that day, or as soon thereafter as counsel can be heard,

WHY AN ORDER SHOULD NOT BE MADE AND ENTERED, granting unto the Defendant the following relief:

S:\KLEIN\EICHBAUM\AMEX\OSC.WPD

2008/33571 Order ...dated 12/2/09 to vacated (Page 4 of 41)

(a) An Order, pursuant to CPLR Sections 5015 and 317, vacating the Default Judgment entered against the Defendant herein on March 31, 2009, in the sum of $36,659.74, and all restraining notices and executions issued pursuant thereto, upon the grounds that there was no personal jurisdiction over the defendant; that the Defendant did not receive notice of this action within the time to timely interpose an Answer; that the Defendant has meritorious defenses to this action;

(b) An Order, pursuant to CPLR Section 3211, dismissing this action for lack of personal jurisdiction;

(c) In the event the Court does not dismiss this action, an Order, pursuant to CPLR Section 3012, permitting the Defendant to interpose an Answer and defend this action; and

(d) An Order granting unto the Defendant such other and further relief as to this Court may deem just and proper.

SUFFICIENT CAUSE APPEARING THEREFORE, ~~it is hereby~~

~~ORDERED, that~~ Let Personal service of a copy of the within Order To Show Cause and its supporting papers be made upon the office of the attorneys representing the Plaintiff by ~~registered mail~~ on or before the 30th day of November ~~December,~~ 2009 be deemed good and sufficient service.

ENTER:

_____
J.S.C.

HON. ALLEN HURKIN-TORRES

S:\KLEIN\EICHBAUM\AMEX\OSC.WPD

KINGS COUNTY CLERK
FILED
2009 DEC 11 AM 8:03